IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MEHAR HOLDINGS, LLC d/b/a | § | No. 5:16−CV−491−DAE |
| FIESTA INN & SUITES−SAN | § | |
| ANTONIO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| EVANSTON INSURANCE | § | |
| COMPANY; BRUSH COUNTRY | § | |
| CLAIMS, LTD, and ROBERT SOEFJE; | § | |
| CHRISTOPHER DEMARIE d/b/a | § | |
| UNITED INSURANCE SPECIALISTS, | § | |
| LLC, | § | |
| | § | |
| Defendants. | § | |

ORDER GRANTING MOTION FOR RECONSIDERATION

Before the Court is a Motion for Reconsideration filed by Mehar
Holdings, LLC d/b/a Fiesta Inn & Suites−San Antonio ("Mehar").  (Dkt. # 14.)
Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition
without a hearing.  After careful consideration of the memoranda filed in support
of and in opposition to the pending Motion, the Court, for the reasons that follow,
**GRANTS** the Motion for Reconsideration.

1

BACKGROUND

      This is a first-party insurance case arising out of a fire that damaged Plaintiff's property.  ("Pet.," Dkt. # 1-5, Ex. B.)  Plaintiff owns a Fiesta Inn and Suites Hotel ("the Property") located in San Antonio, Texas.  (Id. at 3.)  The Property is covered by insurance policy number MKLV11PP002334 ("the Policy") issued by Defendant Evanston Insurance Company ("Evanston").  (Id.)

      On or about April 3, 2015, Plaintiff contends that the Property suffered "sustained extensive damage" as a consequence of a fire.  (Id.)  Plaintiff filed a claim with Evanston, who assigned it to Brush Country Claims, Ltd. ("Brush").  (Id. at 4.)  Brush assigned Robert Soefje ("Soefje") as the adjuster for the claim responsible for investigating and reporting on the loss.  (Id.)

      On April 27, 2016, Plaintiff filed a lawsuit in the 45th Judicial District Court in Bexar County, Texas, against Evanston, Brush, Soefje, and Christopher DeMarie d/b/a United Insurance Specialists, LLC ("United").  (Orig. Pet.)  Plaintiff contends that Defendants have failed, inter alia, to comply with the Texas Insurance Code and have not adequately paid Plaintiff in accordance with the Policy.  Plaintiff seeks a declaratory judgment against Evanston that the Policy provides coverage for the cost to repair the Property; it also asserts causes of action against Evanston for (1) breach of contract; (2) violations of the Texas Insurance Code, Tex. Ins. Code §§ 541 & 542; (3) violations of the Texas Deceptive Trade

Practices Act ("DPTA"), Tex. Bus. & Com. Code § 17.45; and (4) "common law bad faith." (Id. at 5−9.) Plaintiff asserts a single cause of action against Brush and Soefje, for violation of section 541.060 of the Texas Insurance Code. (Id. at 9.)

On May 31, 2016, Evanston timely removed the case to this Court pursuant to 28 U.S.C. §§ 1441, 1446. (Dkt. # 1.) Evanston invokes the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, arguing that Brush and Soefje, who are Texas citizens like Plaintiff, are improperly joined parties. (Dkt. # 1.) On August 9, 2016, the Court issued an order denying Mehar's motion for remand on the basis that Brush and Soefje were improperly joined because Mehar had failed to state viable claims against either of them. (Dkt. # 13.) Specifically, the Court found that Mehar failed to plead any facts to state a claim under Section 541.060(a)(1) of the Texas Insurance Code. (Id. at 7−8.) Additionally, the Court held that that an insurance adjuster could not be liable under Sections 541.060(a)(2)−(4) and (7).

On September 1, 2016, Mehar filed a Motion for Reconsideration. (Dkt. # 14.) Evanston filed a Response (Dkt. # 15), and Mehar filed a Reply (Dkt. # 16).

<u>LEGAL STANDARD</u>

I.      <u>Reconsideration</u>

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." <u>St. Paul Mercury Ins. Co. v. Fair Grounds Corp.</u>, 123 F.3d 336, 339 (5th Cir. 1997).  Rather, courts treat such motions as motions pursuant to either Rule 54(b), 59(e), or 60 depending on when the motion is brought and the type of order that the party requests the Court to reconsider.  <u>See, e.g.</u>, <u>id.</u> (treating a motion to reconsider as a motion pursuant to Rule 59(e)); <u>see also</u> <u>U.S. Bank National Assoc. v. Borunda</u>, No. EP-15-CV-109-PRM, 2016 WL 2625287, at *3 (W.D. Tex. May 5, 2016) (treating a motion to reconsider an order granting partial summary judgment pursuant to Rule 54(b)).

"[E]very order short of a final decree is subject to reopening at the discretion of the district judge." <u>Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.</u>, 460 U.S. 1, 12 (1983).  Therefore, "[i]nterlocutory orders, such as grants of partial summary judgment, are . . . left within the plenary power of the court that rendered them to afford such relief from them as justice requires." <u>McKay v. Novartis Pharm. Corp.</u>, 751 F.3d 694, 701−02 (5th Cir. 2014).  Consequently, an order denying a motion to remand is an interlocutory order, and a motion to reconsider such an order is governed by Federal Rule of Civil Procedure 54(b).

4

Pursuant to Rule 54(b), interlocutory orders may be "revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Neither Rule 54(b) nor the Fifth Circuit articulates a standard by which to decide whether reconsideration is merited. However, the Fifth Circuit has "explained that when a district court rules on an interlocutory order, it is 'free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" Zarnow v. City of Wichita Falls, Tex., 614 F.3d 161, 171 (5th Cir. 2010) (citing Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994)). "Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court." Dos Santos v. Bell Helicopter Textron, Inc. Dist., 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009); Brown v. Wichita Cty., Tex., No. 7:05-CV-108-O, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011) ("The district court's discretion in this respect is broad.").

II.   Removal

A party sued may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The district courts have original jurisdiction of civil actions where the

5

matter in controversy exceeds the sum or value of $75,000, exclusive of costs and interest, and is between citizens of different states.  28 U.S.C. § 1332.  The rule of complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."  <u>Harvey v. Grey Wolf Drilling Co.</u>, 542 F.3d 1077, 1079 (5th Cir. 2008).  However, "the improper joinder doctrine constitutes a narrow exception to the rule of complete diversity."  <u>Cuevas v. BAC Home Loans Servicing, LP</u>, 648 F.3d 242, 249 (5th Cir. 2011) (citing <u>McDonal v. Abbott Labs.</u>, 408 F.3d 177, 183 (5th Cir. 2005)).  "[T]he purpose underlying the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined."  <u>Abbott Labs.</u>, 408 F.3d at 183.  "The burden is on the removing party; and the burden of demonstrating improper joinder is a heavy one."  <u>Cuevas</u>, 648 F.3d at 249.

        To establish improper joinder, the removing party must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  <u>Id.</u> (quoting <u>Smallwood v. Ill. Cent. R.R. Co.</u>, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).  Under the second prong of the improper joinder doctrine, a defendant who "demonstrate[s] that there is no possibility of recovery by the plaintiff against an in-state defendant," or "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant[,]"

successfully demonstrates improper joinder.  <u>Smallwood</u>, 385 F.3d at 573; <u>Carriere v. Sears, Roebuck & Co.</u>, 893 F.2d 98, 100 (5th Cir. 1990) ("After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the non-removing party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned.").  However, "[a] mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder."  <u>Smallwood</u>, at 573 n. 9 (internal citations omitted).  A court evaluates the reasonable basis of recovery under state law by "conduct[ing] a Rule 12(b)(6)-type analysis" or "pierc[ing] the pleadings and conduct a summary inquiry."  <u>Id.</u>

It is well established that a Rule 12(b)(6) analysis requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Twombly</u>, 550 U.S. at 555.  The statements in the complaint must be

sufficiently detailed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Id.

In the removal context where the removing party invokes the Court's diversity jurisdiction, the Court looks to the state court complaint or petition to determine whether the plaintiff has stated a claim.  In doing so, the Court applies the federal pleading standard articulated above.  Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd., 818 F.3d 193, 208 (5th Cir. 2016).

## DISCUSSION

Mehar principally argues that the Court's order denying its motion for remand contradicts Fifth Circuit precedent interpreting the Texas Insurance Code.

In Gasch v. Hartford Accident & Indem. Co., an insured party sued an insurance company and the individual adjuster for denying a death benefit. 491 F.3d 278, 279 (5th Cir. 2007).  There, the plaintiff alleged that the adjuster "failed to investigate the claim reasonably." Id. at 280.  The Gasch Court noted that "Texas law clearly authorizes Article 21.21[1] actions against insurance adjusters in their individual capacities" and that an adjuster "very well may be held individually liable for a violation of Article 21.21." Id. at 282 (citing Liberty Mutual Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482 (Tex. 1998)).

---

[1] Article 21.21 was the predecessor statute of the current Section 541.060 of the Texas Insurance Code.  See Act of May 22, 2003, 78th Leg., R.S., ch. 1274, § 26(a)(1), sec. 561.060, 2003 Tex. Gen. Laws 3611, 3662, 4138 (effective April 1, 2005).

Construing <u>Gasch</u>, this Court determined that "an adjuster may be held liable under the Texas Insurance Code."  (Dkt. # 13 (citing <u>Gasch</u>, 491 F.3d at 282; Tex. Ins. Code § 541.002(2) (defining "person" to include "adjuster")). However, for an adjuster to be held individually liable, they have to had committed some act that is prohibited by the section, not just be connected to an insurance company's denial of coverage.  <u>Messersmith v. Nationwide Mut. Fire Ins. Co.</u>, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014).  A plaintiff can't just allege a violation of the general insurance code and hope for the best.  Therefore, in evaluating whether a plaintiff has stated a claim against an adjuster under the Texas Insurance Code, the Court must determine whether (1) an adjuster can be liable under the specific section of the Insurance Code as a matter of law, and (2) if so, whether plaintiff has pled sufficient factual content to create a reasonable basis of recovery under state law.  <u>See</u> <u>Smallwood</u>, 385 F.3d at 573.  This Court then determined that an adjuster could be held liable under section 541.060(a)(1) if an adjuster "misrepresented" a material fact to a claimaint, but found that Plaintiff failed to allege that an adjuster made a misrepresentation.  (Dkt. # 13 at 7−8.)  Next, the Court found that section 541.060(a)(2)(A) did not extend to adjusters as a matter of law.  (<u>Id.</u>)  The Court based its holding on a recent line of district court cases.

Indeed, federal district courts are split as to whether an adjuster may be held liable under section 541.060(a)(2)(A). This section states that "it is an

unfair method of competition or an unfair or deceptive act or practice [by] failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear." Tex. Ins. Code § 541.060(a)(2)(A).  Those federal district courts holding that the section does not apply to adjusters, reason that an adjuster cannot be held liable because they lack settlement authority, and thus cannot "effectuate a prompt, fair, and equitable settlement." See Lopez v. United Prop. & Cas. Ins. Co., − F. Supp. 3d −, 2016 WL 3671115, at *3 (S.D. Tex. 2016); Messersmith, 10 F. Supp. 3d at 724; One Way Investments, Inc. v. Century Sur. Co. No. 3:14-cv-2839, 2014 WL 6991277 (N.D. Tex. Dec. 11, 2014).  On the other hand, those district courts that find an adjuster may be liable under section 541.060(a)(2)(A) reason that an adjuster has the ability to "effectuate a prompt, fair, and equitable settlement" because the adjuster is the one who investigates and evaluates insurance claims. See Roach v. Vehicle, No. 3:15-CV-3228-G, 2016 WL 795967, at *5−6 (N.D. Tex. Feb. 29, 2016); Shade Tree Apartments, LLC v. Great Lakes Reins. (UK) PLC, No. A-15-CA-843-SS, 2015 WL 8516595, at *4−5 (W.D. Tex. Dec. 11, 2015); Linron Prop., Ltd. v. Wausau Underwriters Ins. Co., No. 3:15-CV-293, 2015 WL 3755071, at *5 (N.D. Tex. June 16, 2015).  Drawing on the definition of the word "effectuate," the Linron court explained that "[t]he fact that the statute uses the word 'effectuate' rather than a word that conveys finality (e.g., finalize), suggests

that its prohibition extends to all persons who play a role in bringing about a prompt, fair, and equitable settlement of a claim," including adjusters.  <u>Linron</u>, 2015 WL 3755071 at *5.

      In the context of a motion to remand, this split in authority regarding the scope of an insurance adjuster's liability under the Texas Insurance Code must be resolved in favor of remand because "[a]ny ambiguities are construed against removal and in favor of remand to state court."  <u>Hood ex rel. Mississippi v. JO Morgan Chase & Co.</u>, 737 F.3d 78, 84 (5th Cir. 2013).  Indeed, given the federalism concerns present where a federal court is called upon to interpret a state law for the first time, this Court declines to usurp the authority of the Texas state courts.  As such, Defendants have failed to meet their heavy burden that there is no reasonable basis by which Plaintiff could recover against the in-state adjusters under section 541.060(a)(2)(A).  <u>See</u> <u>Smallwood</u>, 385 F.3d at 573.

      Finally, to the extent that Defendants argue that Plaintiff has insufficiently pled factual allegations to state a claim under section 541.060(a)(2)(A), the Court finds that Plaintiff has stated a claim.  Plaintiff alleges that "[t]he Adjuster failed to inspect the property and the damages, failed to request information, failed to fully investigate the claim, failed to respond to requests for information from Plaintiff, failed to timely evaluate the claim, failed to timely estimate the claim, and[] to timely and properly report to the Insurance Defendants

and make recommendations to the Insurance Defendants." (Dkt. # 1-5 at 10.) If true, these factual allegations could reasonably form a basis to recover under section 541.060(a)(2)(A) against the in-state adjuster for failing to "effectuate a prompt, fair, and equitable settlement" of the insurance claim. See Martinez v. State Farm Lloyds, No. 3:16-cv-040, 2016 WL 4427489, at *2 (N.D. Tex. Aug. 22, 2016) (finding that similar factual allegations constitute a well-pled claim under section 541.060(a)(2)(A)). Accordingly, since at least a reasonable basis exists that Plaintiff might be able to recover against the in-state adjusters, these parties were properly joined, complete diversity is destroyed, and the Court lacks subject matter jurisdiction over the claims.

CONCLUSION

For the reasons explained above, the Court **GRANTS** the Motion for Reconsideration (Dkt. # 14), **VACATES** the Order Denying the Motion to Remand (Dkt. # 13), and **GRANTS** the Motion to Remand (Dkt. # 4.) The Court **ORDERS** this case remanded to the 45th Judicial District Court of Bexar County.

**IT IS SO ORDERED**.

**DATE:** San Antonio, Texas, October 14, 2016.

DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE